# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50482 | **DATE** | 12/27/2002 |
| **CASE TITLE** | U.S.A. vs. CARNELL BROWN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the court summarily dismisses Brown's § 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| X | Notices mailed by judge's staff. | DEC 27 2002 date docketed | 3 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| X | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | 12-27-02 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Carnell Brown, a federal prisoner convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) following his unsuccessful appeal which actually resulted in an increased sentence due to the government's cross-appeal of a sentencing issue, see United States v. Brown, 273 F.3d 747 (7th Cir. 2001), has filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. His sole contention is that his appellate counsel was ineffective by failing to raise an issue that the pat-down of his jacket pocket, which ultimately disclosed a pistol, was conducted in violation of the limited search permitted in Terry v. Ohio, 392 U.S. 1 (1968). In this regard, he argues that the officer, while frisking him, felt a hard object inside his jacket pocket. The officer asked Brown what was in the pocket, to which Brown replied, "Nothing." The officer then resumed the pat-down of the pocket and, upon manipulating its contents, felt the grip of a pistol, which pistol was thereafter discovered and seized.

Brown argues this second, manipulative frisk was violative of such cases as Minnesota v. Dickerson, 508 U.S. 366 (1993), and United States v. Rivers, 121 F.3d 1043 (7th Cir.), cert. denied, 522 U.S. 1006 (1997). He concludes that, although the reasonableness of his stop and the subsequent pat-down of his person were raised (unsuccessfully) on appeal, his counsel did not specifically raise the issue of the manipulative nature of the pat-down. He characterizes this failure as ineffective assistance of appellate counsel, who should have raised this "dead-bang winner issue." Not quite.

All of the cases Brown cites in support of his motion involved situations where the officer conducting the pat-down search seized from the defendant some type of contraband, such as drugs or drug paraphernalia — as opposed to a weapon — either because the officer was able to immediately recognize the incriminating nature of the contraband (in which cases the search and seizure are generally upheld) or, where that was not the case, because the officer manipulated the object beneath the suspect's clothing after already determining, based on its feel, it was not a weapon (in which cases the search and seizure are generally not upheld). See Dickerson, 508 U.S. at 378; United States v. Miles, 247 F.3d 1009, 1014-15 (9th Cir. 2001); Rivers, 121 F.3d at 1046; United States v. Lemons, 153 F. Supp. 2d 948, 957-58 (E.D. Wis. 2001). In contrast, the case law (including that cited by Brown himself) makes it clear that an officer may manipulate an object during a pat-down search in order to determine if it is a weapon in the first place, so that Dickerson is limited to situations where the officer continues to manipulate an object having already concluded it is not a weapon. See Dickerson, 508 U.S. at 378 (holding it improper for officer to determine that a lump in defendant's pocket was contraband by "squeezing, sliding, and otherwise manipulating the contents of the defendant's pocket — *a pocket which the officer already knew contained no weapon*" and stating that "the officer's continued exploration of [defendant's] pocket *after having concluded that it contained no weapon*" could not be justified by the sole underlying rationale in Terry to protect the officer and others nearby) (emphasis added) (internal quotations and citations omitted); Miles, 247 F.3d at 1014-15 (holding officer exceeded scope of Terry search when he manipulated an object in defendant's pocket on pretext that he was looking for a weapon when "it was clear that the object was a small box and could not possibly be a weapon"); United States v. Mattarolo, 209 F.3d 1153, 1158 (9th Cir.) (holding that officer stayed within scope of Terry when, during the course of a pat-down, he felt "a cylindrical object several inches long in the defendant's pocket," which "was large enough that it could have been a pocket knife," and then "pressed it between his thumb and forefinger in order to make sure this was not the case"; commenting that, "[h]ad the officer continued to manipulate the object beyond what was necessary to ascertain that it posed no threat, he would have run afoul of the Supreme Court's holding in [Dickerson]"), cert. denied, 531 U.S. 888 (2000); United States v. Swann, 149 F.3d 271, 275-76 (4th Cir. 1998) (holding that "Dickerson's rule, that a frisk violates the Fourth Amendment if it continues after the officer has determined that the suspect is unarmed, is . . . not implicated" in a case where the officer felt a hard object in the defendant's sock and then removed it, as a reasonable officer under the circumstances could have believed the object was a weapon); United States v. Maldonado, 42 F.3d 906, 909 (5th Cir. 1995) (stating that "so long as an officer is investigating an object that reasonably may be a weapon, the Terry search may continue"); see also 4 WAYNE R. LEFAVE, SEARCH AND SEIZURE § 9.5(b), pp. 275-76 & n.155 (3d ed. 1996 & Supp. 2003). As the court in Lemons succinctly put the matter, "squeezing *after determining* an item is not a weapon is clearly impermissible, while squeezing *to determine* that an item is or is not a weapon may still be within the scope of a Terry search." Lemons, 153 F. Supp. 2d at 956 (emphasis in original). This case plainly involves the latter. Because the officer who frisked Brown felt a "hard object" in Brown's pocket but could not determine whether or not it was a weapon based only on the pat down and Brown's unhelpful reply to the officer's questioning, the officer was allowed to further manipulate the object to determine if it was, in fact, a weapon. Therefore, Brown's appellate counsel was not ineffective for failing to raise this issue.

For the reasons stated above, the court summarily dismisses Brown's § 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

United States of America

v.

Carnell Brown

**JUDGMENT IN A CIVIL CASE**

Case Number: 02 C 50482

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the court summarily dismisses Brown's § 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

FILED-WD
2002 DEC 27 PM 3:09
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 12/27/2002

Susan M. Wessman, Deputy Clerk